**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM D. WEBSTER,

Plaintiff - Appellant,

v.

STATE OF WASHINGTON, doing business as State of Washington Department of Retirement Systems,

Defendant - Appellee.

No. 11-35014

D.C. No. 3:09-cv-05776-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

William D. Webster appeals pro se from the district court's judgment

dismissing his action arising from a state court's property division order in his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

marital dissolution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under the *Rooker-Feldman* doctrine. *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). We affirm.

The district court properly dismissed Webster's action as barred by the *Rooker-Feldman* doctrine because the action is a "forbidden de facto appeal" of the state court's order regarding Webster's pension benefits. *Id.* at 1050-51 (*Rooker-Feldman* doctrine barred plaintiff's claims seeking to enjoin state family court orders regarding pension benefits); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void").

**AFFIRMED.**